UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-20543-MGC-Cooke

ELIAS SANCHEZ SIFONTE and
VALERIE RODRIGUEZ ERAZO,

        Plaintiffs,

vs.

JOSUE FONSECA, *et al.*,

        Defendants.

_____/

### DEFENDANT NBCUNIVERSAL MEDIA, LLC'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW, AND JOINDER IN DEFENDANTS JOSUE FONSECA AND JAGUAL MEDIA LLC'S MOTION TO DISMISS [D.E. 33]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant NBCUniversal Media, LLC ("NBCUniversal Media") moves this Court for an order dismissing the Complaint filed by Plaintiffs Elias Sanchez Sifonte ("Sanchez") and Valerie Rodriguez Erazo ("Rodriguez") (collectively, "Plaintiffs") for failure to state a claim. [D.E. 1-2]. In addition, NBCUniversal Media joins and fully adopts Defendants Josue Fonseca and Jagual Media LLC's Motion to Dismiss [D.E. 33].[1] In support of this motion, NBCUniversal Media states:

### Introduction and Background

While the allegations in this case indicate that it should be adjudicated, if at all, in Puerto Rico, NBCUniversal Media has nothing to do with this case and should be dismissed as a party at the outset. In July 2019, the people of Puerto Rico flooded the streets in protest after the leak of chat messages between then-Governor of Puerto Rico, Ricardo Rossello, and various government and non-government officials, including Sanchez, revealed highly concerning, vulgar, and possibly unethical actions of the administration and others. Numerous media outlets reported on the leak and chain of events that ensued, known as

---

[1] NBCUniversal Media also consents to TM Television, Inc.'s Motion to Transfer Venue to the District of Puerto Rico [D.E. 31].

1

"TelegramGate," including investigations into whether certain members of the group, including Sanchez, committed crimes or engaged in unethical activities. Defendant Josue Fonseca ("Fonseca") and non-party Telemundo of Puerto Rico LLC ("Telemundo of Puerto Rico") were among the many media entities covering the story.[2]

On December 31, 2020, Plaintiffs filed a defamation suit against Fonseca and his media company, Jagual Media LLC, also naming as defendants TM Television Inc., Telemundo Network Group LLC, and NBCUniversal Media.[3] The suit challenges a series of Telemundo of Puerto Rico reports concerning TelegramGate that were published between January 2019 and November 2020.[4] [D.E. 1-2 ¶¶ 41-315]. These reports were broadcast via Puerto Rico's local television station WKAQ-TV and published on the http://www.telemundopr.com website ("TelemundoPR website").[5] *Id.* Telemundo of Puerto Rico operates the WKAQ-TV station and the TelemundoPR website. Thus, Telemundo of

---

[2] On March 11 and 22, 2021, Plaintiffs filed notices of adding Telemundo of Puerto Rico, as well as three individuals (two of whom are non-diverse) to the case. [D.E. 23; D.E. 26]. These four proposed parties are named in Plaintiffs' proposed amended complaint filed on February 26 with their Motion for Remand. [D.E. 16; D.E. 17]. The amended complaint is not operative, however, because it seeks to interpose an amendment that would deprive this Court of jurisdiction over this case. *See Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1321-22 (S.D. Fla. 2017). Until the Court determines whether the proposed joinder of new, non-diverse defendants is permissible under 28 U.S.C. § 1447(e), the amended complaint is merely a proposed amendment and the new parties named in it—including Telemundo of Puerto Rico—have not been joined in this case. *Absorbezz LLC v. Hierseman*, No. 19-61442-CIV, 2019 WL 11506034, at *3 (S.D. Fla. Sept. 12, 2019) (Cooke, J.) (filing an amended complaint under Rule 15(a) "does not allow a plaintiff to avoid scrutiny under section 1447(e)").

[3] The Complaint also named as defendants Telemundo International Studios LLC, Telemundo Internacional LLC, and TM Entertainment, Inc., but Plaintiffs dismissed these parties on March 11, 2021. [D.E. 22].

[4] Plaintiffs also challenge various social media posts published on Fonseca's personal social media account. *See* [D.E. 1-2 ¶¶ 96, 139, 145, 166, 219, 303]. Fonseca is not an employee of NBCUniversal Media. *See* Declaration of Mariano Schwed ("Schwed Decl.") ¶ 7, filed simultaneously herewith.

[5] Plaintiffs incorrectly allege that an excerpt of the July 24, 2019 broadcast at issue was published on the website of Telemundo 51 (D.E. 1-2 ¶ 168), which is maintained and operated by the South Florida Telemundo station. But a review of the link and exhibit provided reveals the broadcast did *not* appear and was not published on Telemundo 51's website.

Puerto Rico is the publisher of both the broadcast and online versions of the publications at issue.

Although the Complaint names NBCUniversal Media as a defendant, the only allegation directed at this defendant concerns its citizenship. *See* [D.E. 1-2 ¶ 7]. This is understandable given that NBCUniversal Media had *nothing to do with the publications at issue in this case.* NBCUniversal Media is a media and entertainment company that owns a number of businesses. *See* Declaration of Sheetal Madadi ("Madadi Decl.") ¶ 3, filed simultaneously herewith. One of NBCUniversal Media's many subsidiaries is Telemundo of Puerto Rico. *Id.* ¶ 4. Although it is a parent of Telemundo of Puerto Rico, NBCUniversal Media does not operate the WKAQ-TV station or the TelemundoPR website. *Id.*; *see also* [D.E. 35 ¶¶ 3, 5-6] (hereinafter referred to as "Melendez De Leon Decl."). It likewise does not create, publish or distribute any of the local programming appearing on WKAQ-TV or the TelemundoPR website. Melendez De Leon Decl. ¶ 6. Telemundo of Puerto Rico handles the local programming for those channels. Because, as set forth more specifically below, Plaintiffs have failed to (and cannot) plead facts sufficient to state a defamation claim against NBCUniversal Media, the Court should dismiss the Complaint against NBCUniversal Media with prejudice.

## Argument

Both federal and Florida courts recognize that early dismissal of defamation claims is particularly appropriate because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings*, 816 F.3d 686, 702 (11th Cir. 2016). *See also Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (discussing the court's "prominent function" in defamation cases to "either dismiss[] the complaint for failure to state a cause of action or [ ] grant[] a directed verdict at the proof stage"); *Karp v. Miami Herald Publ'g Co.*, 359 So. 2d 580, 581 (Fla. 3d DCA 1978) (noting that pretrial disposition, where possible, is especially important in defamation cases because of the "chilling effect" such cases have on the exercise of First Amendment rights).

Plaintiffs' pleading cannot survive this Court's scrutiny under Rule 12(b)(6) because the Complaint is inherently and fatally flawed and does not state any claim for relief. When evaluating a motion to dismiss, a court "must accept the allegations of the complaint as true and must construe facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco,*

3

*Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). But the court should not accept "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "'naked assertions' devoid of 'further factual enhancement'" are also insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Papasan v. Alain*, 478 U.S. 265, 286 (1986) (courts are "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations omitted).

Plaintiffs' Complaint contains no plausible claim for relief against NBCUniversal Media. To state a valid defamation claim, Plaintiffs must plead and prove: (1) a false and defamatory statement of and concerning another, (2) an unprivileged publication to a third party, (3) fault on the part of the publisher, and (4) damages. *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002) (citing *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 804 (Fla. 1st DCA 1997)). Plaintiffs' Complaint fails to state a claim for which relief can be granted for two primary reasons. First, the Complaint fails to (and cannot) allege publication *by NBCUniversal Media*—a threshold element of a defamation claim. Second, because NBCUniversal Media did not publish the content at issue, the only way Plaintiffs could assert a claim against it is by piercing the corporate veil. But Plaintiffs cannot—and do not—plead facts that would justify piercing the corporate veil. Thus, Plaintiffs cannot state a viable claim against NBCUniversal Media, and the Complaint should be dismissed with prejudice. Likewise, this suit contravenes Florida's anti-SLAPP statute, and the Court therefore should award NBCUniversal Media its fees and costs incurred in defending against this meritless suit.

**I.      NBCUNIVERSAL MEDIA DID NOT PUBLISH ANY STATEMENT AT ISSUE IN THIS CASE.**

The element of publication—that "the defendant published a false statement" about the plaintiff—is essential to a defamation claim. *Corsi v. Newsmax Media, Inc.*, No. 20-CV-81396, 2021 WL 626855, at * 5 (S.D. Fla. Feb. 12, 2021); *see also Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1214 (Fla. 2010) ("Under Florida law, the tort of libel is not completed until the statements are published"). Indeed, "because the publication of a statement is a necessary

element in a defamation action, *only one who publishes*" the allegedly defamatory material "can be subject to this form of tort liability." *Zimmerman v. Buttigieg*, No. 8:20-cv-1077, 2021 WL 694797, at *8 (M.D. Fla. Feb. 23, 2021); *see also Corsi*, 2021 WL 626855, at *7 (dismissing defamation claims for failure to plausibly plead publication element); *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1329 (S.D. Fla. 2012) (dismissing defamation claim that did not allege publication as to a particular defendant); *Khan v. New York Times Co.*, 710 N.Y.S. 2d 41, 46 (N.Y. App. Div. 2000) ("It is axiomatic that a defendant cannot be held liable for a libelous statement that it did not write or publish.").

Liability for publication cannot attach absent direct, participatory involvement in the drafting, editing, or dissemination of the allegedly defamatory material. *See Klayman v. City Pages*, No. 5:13-CV-143-OC-22PRL, 2015 WL 1546173, at *8 (M.D. Fla. Apr. 3, 2015), *aff'd*, 650 F. App'x 744 (11th Cir. 2016) (finding that a parent company was not liable because the complaint's allegations that the parent company "wholly owned" the publishing defendant and that the two defendants "collaborate[d] with each other, under the direction of [the parent company], to promote [its] agenda" were insufficient to allege publication); *see also Kruska v. Perverted Justice Found. Inc.*, No. CV 08-0054-PHXSMM, 2009 WL 321146, at *3 (D. Ariz. Feb. 6, 2009); *Despot v. Combined Ins. Co. of Am.*, 03 C 7130, 2004 WL 1088361, at *1 (N.D. Ill. May 12, 2004).

Here, the Complaint does not allege that NBCUniversal Media published any of the statements at issue. *See generally* [D.E. 1-2]. This failure, alone, requires dismissal. Although the Complaint contains several hundred naked references regarding publication by unspecified "Defendants," such averments are insufficient to "link a particular remark to a particular defendant." *Jackson v. N. Broward Cnty. Hosp. Dist.*, 766 So. 2d 256, 257 (Fla. 4th DCA 2000); *see also* [D.E. 33 at Section I] (explaining how Plaintiffs' failure to properly delineate between the action of each defendant warrants dismissal). And the only specific allegation about NBCUniversal Media pertains to its citizenship. [D.E. 1-2 ¶ 7]. That allegation cannot establish the publication element of defamation.

Moreover, any attempt by Plaintiffs to amend their Complaint to allege publication would be futile. NBCUniversal Media did not play <u>any</u> role in the publication of the content at issue. Melendez De Leon Decl. ¶ 6. As discussed, although NBCUniversal Media is a parent of Telemundo of Puerto Rico (the actual publishing entity), NBCUniversal Media did

not create, participate, publish or distribute any of the programming at issue. *Id.*; *see also* Madadi Decl. ¶ 4. Because publication is lacking, it would be futile to permit Plaintiffs to amend their Complaint. Thus, the Complaint against NBCUniversal Media should be dismissed with prejudice.

## II. NBCUNIVERSAL MEDIA IS A DISTINCT CORPORATE ENTITY AND PLAINTIFFS CANNOT PIERCE ITS CORPORATE VEIL.

NBCUniversal Media is not responsible for the publications of Telemundo of Puerto Rico. Every corporation is a "separate and distinct legal entity." *Turner v. Homestead Police Dep't*, 828 Fed. App'x. 541, 544 (11th Cir. 2020).[6] A parent corporation is a separate legal entity from its subsidiary and generally is not liable for the torts committed by its subsidiary. *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 0:15-cv-62104, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016) ("black-letter law forbids equating a subsidiary with its parent absent extraordinary justification to pierce a corporate veil"); *see also Roundtree v. TGM Malibu Lakes, LLC*, No. 2:18-cv-289, 2018 WL 4215949, at *2 (M.D. Fla. Sept. 5, 2018); *Am. Int'l Grp., Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 336 (Fla. 2d DCA 2004) (a parent corporation and its wholly owned subsidiary are separate and distinct entities). Because, as discussed above, NBCUniversal Media did not publish the challenged reporting, it can be liable for Telemundo of Puerto Rico's publications only if Plaintiffs can allege facts sufficient to demonstrate that this Court should pierce NBCUniversal Media's corporate veil. They cannot.

Plaintiffs seeking to pierce the corporate veil in any context bear a "heavy burden." *Erben v. Raymond James Euro. Hold., Inc.*, No. 8:11-cv-933, 2012 WL 12874586, at *3 (M.D. Fla. Apr. 10, 2012). The prospect of piercing the corporate veil between a parent and its subsidiary is "even dimmer." *Id.* ("[S]ubstantive piercing in the parent-subsidiary context occurs approximately half as often as piercing does generally.") (citation omitted). To that end, a plaintiff seeking to pierce the corporate veil between a parent and subsidiary must establish: (1) the subsidiary is a "mere instrumentality" or alter ego of the parent corporation,

---

[6] The veil-piercing concept applies equally to limited liability companies. *See, Upfitters, L.L.C. v. Brooking*, 3:18-CV-496-J-34PDB, 2020 WL 954984, at *5 n.6 (M.D. Fla. Feb. 27, 2020); *Burris v. Green*, No. 3:12-CV-521, 2016 WL 5844165, at *6-7 (N.D. Fla. Aug. 26, 2016). For simplicity's sake, "corporation" is used throughout this motion as a shorthand for both organizational structures.

*and* (2) the parent corporation engaged in improper conduct through its organization or use of the subsidiary which caused the plaintiff's injuries. *Johnson Enters. of Jacksonville v. FPL Grp.*, 162 F.3d 1290, 1320 (11th Cir. 1998); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1293, 1289 (S.D. Fla. 2014) (Cooke, J.) (same); *Symons Corp. v. Tartan-Lavers Delray Beach, Inc.*, 456 So. 2d 1254, 1256 (Fla. 4th DCA 1984) ("corporate veil may not be pierced unless it is shown not only that one business entity dominated or was the alter ego of the other, but that the relationship was created or used in order to mislead or defraud creditors.").

### A. *Telemundo of Puerto Rico is not a mere instrumentality of NBCUniversal Media.*

To establish that Telemundo of Puerto Rico is a mere instrumentality of NBCUniversal Media, Plaintiffs must allege facts sufficient to show that Telemundo of Puerto Rico "manifests no separate corporate interest of its own and functions solely to achieve the purposes of the dominant corporation." *Roundtree*, 2018 WL 4215949, at *2. That is, Plaintiffs must show that NBCUniversal Media dominated and controlled Telemundo of Puerto Rico "to such an extent that [Telemundo of Puerto Rico's] independent existence was non-existent." *BEO Mgmt. Corp. v. Horta*, No. 3D19-1989, 2020 WL 6751313 at *2 (Fla. 3d DCA Nov. 18, 2020); *Atmos Nation*, 2016 WL 1028332, at *6. Related activities between the two companies cannot establish that a subsidiary is a mere instrumentality of its parent corporation. *Atmos Nation*, 2016 WL 1028332, at *6; *see also Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 n. 14 (11th Cir. 2003) (noting passing of information and communications between related corporations "does not rise to the level of control required"); *Roundtree*, 2018 WL 4215949, at *2.

Plaintiffs do not allege <u>any</u> facts that demonstrate Telemundo of Puerto Rico is a mere instrumentality of NBCUniversal Media. *See* [D.E. 1-2]. Nor can they. Telemundo of Puerto Rico maintains its own corporate purpose, and its acts are not directly controlled by NBCUniversal Media. *See* Madadi Decl. ¶ 5. Though they are affiliated entities, that relationship, alone, does not demonstrate that NBCUniversal Media exercises control over Telemundo of Puerto Rico, much less that it does so to evade liability, mislead investors or perpetrate a fraud. *Atmos Nation*, 2016 WL 1028332, at *6. As such, NBCUniversal Media should be dismissed from this suit with prejudice. *Klayman*, 2015 WL 1546173, at *9 (explaining that facts sufficient to establish "veil-piercing claim or theory of liability must be presented in the plaintiff's pleading" and cannot be raised in later filings) (citations omitted).

### B. NBCUniversal Media has not engaged in any improper conduct through Telemundo of Puerto Rico.

Even if a subsidiary is merely an alter ego of its parent corporation, the corporate veil will not be pierced so long as the subsidiary's separate identity was lawfully maintained. *Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. 3d DCA 2000). That is, unless there is a showing that the parent corporation engaged in improper conduct through the subsidiary, the corporate veil cannot be pierced. *Id.* Improper conduct occurs when the parent corporation organized or operated the subsidiary for a fraudulent purpose. *Atmos Nation*, 2016 WL 1028332, at *6; *Roundtree*, 2018 WL 4215949, at *2. In other words, the subsidiary must have been created as a "mere device or sham to accomplish some ulterior purpose or [] the purpose is to evade some statute or to accomplish some fraud or illegal purpose." *Johnson Enters. of Jacksonville*, 162 F.3d at 1320 (citation and ellipses omitted).

Plaintiffs' Complaint likewise fails to allege NBCUniversal Media organized Telemundo of Puerto Rico to engage in fraudulent activities or used it for such purposes. Indeed, Plaintiffs do not even allege that improper conduct *occurred*. *See generally* [D.E. 1-2]. And there is no factual basis for such contention. *See* Madadi Decl. ¶ 5. Plaintiffs have failed to allege or present any facts sufficient to warrant piercing the corporate veil to hold NBCUniversal Media liable for the alleged tortious acts of its subsidiary, Telemundo of Puerto Rico. Consequently, NBCUniversal Media is an improper party and should be dismissed with prejudice. *See Turner*, 828 F. App'x. at 544 (affirming dismissal of improper parties where plaintiff failed to justify piercing of corporate veil).[7]

---

[7] Even though NBCUniversal Media should be dismissed for the reasons stated above, Plaintiffs failed to provide adequate pre-suit notice to it under Section 770.01 of the Florida Statutes. The Complaint challenges 19 additional statements that Plaintiffs never specified in any of the pre-suit notices sent to NBCUniversal Media. *Compare* Schwed Decl. ¶¶ 3-5, Exs. A-C (the pre-suit notices NBCUniversal Media received) *with* [D.E. 1-2 ¶¶ 44(b), 62(m)-(n), (q), (s)-(t), 64(c), 96(b)-(c), 121(b)-(c), 143(d), (f), 166, 252(b)-(c) and 253(a)-(c)] (19 statements not identified in those pre-suit notices). Although Plaintiffs had access to the allegedly defamatory material online, as evidenced by the specificity provided for other statements in the notices and the Complaint itself, they did not include these 19 statements in their pre-suit correspondence. Since compliance with Section 770.01 is a condition precedent to filing a defamation suit against a media defendant, should the Court find Plaintiffs have justified a piercing of the corporate veil, the 19 improperly noticed statements should be dismissed from the suit. *See Rendon v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1275 (S.D. Fla. 2019) (dismissing claims for statements for which no pre-suit notice was provided); *Nelson v. Associated Press, Inc.*,

### III. NBCUNIVERSAL MEDIA IS ENTITLED TO FEES AND COSTS PURSUANT TO FLORIDA'S ANTI-SLAPP LAW.

At least as to NBCUniversal Media, this action is a SLAPP suit, and NBCUniversal Media is therefore entitled to its fees and costs in defending this action. Florida enacted Section 768.295, Florida Statutes to deter meritless claims against the press. § 768.295(1), Fla. Stat. This provision, known as Florida's anti-SLAPP (strategic lawsuit against public participation) law, substantively protects the press's ability to exercise their "rights of free speech in connection with public issues" by shielding individuals and entities from the often crushing expense of meritless lawsuits. *Id.* To that end, the law prohibits anyone from bringing a lawsuit (a) that is "without merit," and (b) because the defendant "has exercised the constitutional right of free speech in connection with a public issue," which the statute defines as any written or oral statement "made in or in connection with a . . . news report, or other similar work." *Id.* at (2)(a), (3). True protection, however, cannot exist where plaintiffs can compel defendants to expend substantial resources in protracted litigation. Accordingly, the Florida Legislature included a fee-shifting provision in the statute that requires the court to award the defendant its reasonable attorneys' fees and costs incurred in connection with a claim that an action was filed in violation of the law. *Id.* at (4).

Florida federal courts have consistently applied Florida's anti-SLAPP law to deter SLAPP lawsuits that suppress First Amendment rights. *See, e.g.*, *Corsi*, 2021 WL 626855, at *11-12 (granting defendants' fees and costs under Florida's anti-SLAPP statute which functions as a "garden variety fee shifting provision," and "does not 'answer the same question' as the Federal Rules") (citations omitted); *Vibe Ener v. Duckenfield*, No. 20-cv-22886, 2020 WL 6373419, at *4-5 (S.D. Fla. Sept. 29, 2020) (awarding defendant its fees and costs pursuant to Florida's anti-SLAPP statute); *Bongino v. the Daily Beast Co.,* 2020 WL 6470639, at *7-9 (S.D. Fla. Aug. 6, 2020) (granting defendant fees and costs under Florida's anti-SLAPP statute and concluding that the statute "unequivocally" applies in federal court because it does not "conflict with any Federal Rules of Civil Procedure"); *Anderson v. Best Buy Stores L.P.*, No. 5:20-cv-41, 2020 WL 5122781, at *4 (M.D. Fla. July 28, 2020) (recommending granting a motion to dismiss and awarding the defendant reasonable fees and

---

667 F. Supp. 1468, 1483-84 (S.D. Fla. 1987) (prohibiting defamation plaintiff from suing on a statement not included in pre-suit notice).

costs pursuant to anti-SLAPP statute), *report and recommendation adopted*, 2020 WL 5106676 (Aug. 31, 2020); *Parekh v. CBS Corp.*, No. 6:18-cv-466, 2019 WL 2230075, at *1-2 (M.D. Fla. Feb. 14, 2019) (awarding attorneys' fees and costs under Florida's anti-SLAPP law), *report and recommendation adopted*, 2019 WL 2225851 (M.D. Fla. Apr. 19, 2019), *aff'd* 820 F. App'x 827, 836 (11th Cir. 2020) ("the district court properly awarded fees to [defendants] under [Florida's anti-SLAPP statute]").

This case meets both requirements of Florida's anti-SLAPP law. First, as detailed above, Plaintiff's lawsuit is "without merit." § 768.295(3), Fla. Stat. Specifically, the allegations in the Complaint do not support a defamation claim as a matter of law because NBCUniversal Media did not publish any allegedly defamatory statements at issue. And the Plaintiffs did not—and cannot—plead facts sufficient to hold NBCUniversal Media entities liable for the acts of its subsidiary.

Second, this lawsuit arises out of the exercise of "constitutional right of free speech in connection with a public issue," *id.*, because the reporting at issue constitutes a "written or oral statement that is protected under applicable law" and was "made in or in connection with" an "audiovisual work . . . news report, or other similar work." *Id.* § 768.295(2)(a); *see also Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.*, 45 Media L. Rep. 2664, 2668 (Fla. 17th Cir. Ct. Nov. 8, 2017) (noting that Florida's anti-SLAPP law is broad and "includes any protected statement made in a news report"). Indeed, the facts here—publications about politics and possible corruption—go to the heart of constitutional free speech protections. Under these circumstances, an award of reasonable attorneys' fees and costs is mandatory. § 768.295(4), Fla. Stat.

## Conclusion

Plaintiffs knowingly sued the wrong party. NBCUniversal Media was in no way involved with the publication of the statements at issue. And Plaintiffs did not (and cannot) plead any facts to justify piercing NBCUniversal Media's corporate veil to hold it liable for the acts of Telemundo of Puerto Rico. As such, NBCUniversal Media respectfully requests this Court dismiss the Complaint with prejudice and award its attorneys' fees and costs, pursuant to Section 768.295, Florida Statutes.

**Request for Hearing**

Pursuant to Local Rule 7.1(b)(2), and as stated in Defendant TM Television, Inc's Motion [D.E. 31] and Defendants Fonseca and Jagual Media LLC's Motion [D.E. 33], NBCUniversal Media requests a single hearing addressing all of the Defendants' motions to dismiss and the motion to transfer this action to Puerto Rico. Given the number of parties to this dispute, the number of statements at issue, and the complexity of the issues raised by the motions, NBCUniversal Media believes oral argument will assist the Court in adjudicating the motions. NBCUniversal Media believes 1.5 hours would be a sufficient allotment of time for the combined hearing.

Dated: April 2, 2021

Respectfully Submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (Florida Bar No. 514462)
dshullman@shullmanfugate.com
Rachel E. Fugate (Florida Bar No. 144029)
rfugate@shullmanfugate.com
Giselle M. Girones (Florida Bar No. 124373)
ggirones@shullmanfugate.com
2101 Vista Parkway, Suite 4006
West Palm Beach, FL  33411
Tel: (561) 429-3619

*Attorneys for NBCUniversal Media, LLC*