UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-CV-20543-Cooke/O'Sullivan

ELIAS SANCHEZ SIFONTE and
VALERIE RODRIGUEZ ERAZO,

Plaintiffs,

vs.

JOSUE FONSECA, a/k/a JAY
FONSECA, an individual; TELEMUNDO
INTERNATIONAL STUDIOS LLC, a Florida
limited liability company; TELEMUNDO
INTERNACIONAL LLC a/k/a TELEMUNDO DE
PUERTO RICO, LLC., a Florida limited liability
company; JAGUAL MEDIA, LLC, a Puerto Rico
limited liability company; NBCUNIVERSAL
MEDIA, LLC, a Delaware corporation; TELEMUNDO
NETWORK GROUP, LLC; a Delaware corporation;
TM TELEVISION, INC., a Puerto Rico corporation;
TM ENTERTAINMENT, INC., a Puerto Rico
corporation; and DOES 1 – 10, inclusive,

Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiffs Motion to Remand (the "Motion") (ECF No. 17), filed February 26, 2021. Defendants filed their response in opposition to the Motion on March 12, 2021. ECF No. 24. Thereafter, Plaintiffs filed their reply in support of the Motion on March 19, 2021. ECF No. 25. Thus, the Motion is ripe for adjudication.

Having reviewed the Motion, the briefing related thereto, and the relevant legal authorities, the Court finds, for the reasons set forth below, that the Motion should be denied.

### Background

This action involves claims for allegedly "slanderous and libelous broadcasts of knowing, malicious, false and defamatory statements[.]" ECF 1-2, Compl. at ¶ 18. Plaintiffs originally filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County on

December 31, 2020. ECF No. 1-2. In their Complaint, Plaintiffs sue Defendants Josue Fonseca a/k/a Jay Fonseca, Telemundo International Studios, LLC, Telemundo Intenacional, LLC a/k/a Telemundo De Puerto Rico, LLC, Jagual Media, LLC, TM Television, Inc., TM Entertainment, Inc., and Does 1-10 (the "Original Defendants"). Defendants removed this action to this Court, based upon diversity grounds, on February 9, 2021. ECF No. 1.

On February 26, 2021, Plaintiffs filed what as explained below the Court considers their *proposed* First Amended Complaint. ECF No. 16. In this proposed pleading, Plaintiffs seek to name Josue Fonseca a/ka/ Jay Fonseca, Telemundo of Puerto Rico, LLC, NBCUniversal Media, LLC (doing business as Telemundo Station Group), Jagual Media, LLC, Telemundo Network Group, LLC, TM Television, Inc., Antonio G. Mojena, Jose Cancela, Manuel Martinez, individual Does 1-7, and XYZ entities 1-10 as Defendants in this action. For the sake of clarity, the Court will refer to the Defendants identified in the proposed First Amended Complaint collectively as the proposed Defendants.

On March 11, 2021, Plaintiffs dismissed without prejudice Defendants Telemundo International Studios, LLC, Telemundo Studios, LLC, and TM Entertainment, Inc. ECF No. 22.

In short, in their 126-page proposed First Amended Complaint, Plaintiffs allege that in multiple broadcasts the proposed Defendants published false and inflammatory statements and news stories about them. Based upon these allegations, Plaintiffs seek to bring the following causes of action: (1) Defamation – against proposed Defendants Fonseca, Telemundo Puerto Rico, Telemundo Networks, and TM Television; (2) Slander *per se*; (3) Libel; (4) Libel *per se*; (5) Trade Libel; (6) a claim entitled "Multiple Counts and Allegations" which states "Plaintiffs reallege and incorporated [sic.] the allegations in paragraphs 28 through 330 as if set forth fully herein, and further state that the statements of facts in this claim are grouped by related topics, but each allegation constitute a separate claim under each of the above-described counts[]"; (7) Intentional infliction of emotional distress; (8) Negligent supervision; and (9) Tortious interference with advantageous business relationships by Plaintiff Sanchez against all proposed Defendants. It appears that proposed Counts two through eight are asserted against all of the proposed Defendants.

<u>**LEGAL STANDARD**</u>

Federal courts have original jurisdiction over matters involving parties of diverse citizenship. 28 U.S.C. § 1332(a). For diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-1086 (11th Cir. 2010). The party commencing suit in federal court has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

<u>Analysis</u>

In their Motion, Plaintiffs argue that this action should be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County because the proposed First Amended Complaint added Defendants Jose Cancela ("Cancela") and Manual Martinez ("Martinez") who are both domiciled in the State of Florida. ECF No. 17 at p. 2. Additionally, Plaintiffs argue that Defendant Telemundo of Puerto Rico, LLC is a Florida citizen because its "nerve center" is located in Florida. *Id.* at p. 17. In response, the Original Defendants argue that Plaintiffs fraudulently joined Cancela and Martinez solely for the purpose of destroying diversity jurisdiction. ECF No. 24 at p. 4. Moreover, the Original Defendants argue that Plaintiffs' "nerve center" argument lacks legal basis and merit. *Id.* at p. 17-18. The Court agrees. Plaintiffs' arguments lack merit; nonetheless, the Court will address them both in turn.

**I.     Remand Due to the Proposed Addition of Non-Diverse Defendants**

**A.     The Doctrine of Fraudulent Joinder Is Not Applicable**

"Twenty-eight U.S.C. § 1332 provides that federal 'district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [ ] citizens of different States[.]'" *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1327 (S.D. Fla. 2017). "Section 1441 authorizes, with certain inapplicable exceptions, the removal of 'any civil action' in which 'the district courts of the United States have original jurisdiction[.]'" *Id.* (quoting 28 U.S.C. § 1441(a)). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Id.* (quoting *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)). "If complete diversity is not present, then the case is not

removable. However, where joinder of the non-diverse party is fraudulent, then diversity may still be satisfied." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

"The doctrine of fraudulent joinder discounts allegations against a non-diverse party where the removing party can prove either that '(1) there is **no** possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Andreasen*, 276 F. Supp. 3d at 1327 (quoting *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation and marks omitted) (emphasis in original)). "[T]his determination '**must** be based upon the plaintiff's pleadings at the time of removal[.]" *Id.* (quoting *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis in original)). "The fraudulent joinder doctrine, therefore, is not the applicable standard on the joinder of a non-diverse defendant *after* removal." *Id.* (*quoting Ibis Villas at Miami Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F.Supp.2d 1333, 1337, n. 1 (S.D. Fla. 2011) (internal citations omitted) (emphasis added). "[T]he fraudulent joinder doctrine is generally not necessary after removal because the district court, which already possesses jurisdiction, can simply decline to permit joinder of non-diverse defendants under § 1447(e)." *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999); 28 U.S.C. § 1447(e) ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.")).

It must be noted that Rule 15(a) of the Federal Rules of Civil Procedure directly conflicts with 28 U.S.C. § 1447(e). Section 1447(e) "is supposed to avoid a plaintiff's gamesmanship of divesting the court of subject-matter jurisdiction by giving the Court discretion to deny joinder if the added defendant would destroy diversity." *Id.* at 1328. However, in pertinent part, Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Here, Plaintiffs filed their proposed First Amended Complaint, which added non-diverse Defendants Cancela and Martinez, on February 26, 2021 – within seventeen days after Defendants filed their Notice of Removal. The Court notes that Defendants did not file their Rule 12(b) motions until April 2, 2021. *See* ECF Nos. 31, 33, 37, and 40. Accordingly,

Plaintiffs added the non-diverse Defendants well within the 21-day period provided for in Rule 15(a)(1)(B). Thus, Plaintiffs attempted to add Cancela and Martinez, the non-diverse proposed Defendants, without first obtaining leave of court pursuant to Rule 15(a). However, under Rule 15(a)(1)(B), the Court did not have the opportunity provided for in 28 U.S.C. § 1447(e) to deny (or approve) joinder of the proposed non-diverse defendants at the time the proposed First Amended Complaint was filed. As a consequence, the Court is left with a situation where the fraudulent joinder doctrine and § 1447(e) do not apply and Rule 15(a)(1) opens the door for plaintiffs, post-removal, to divest the court of subject-matter jurisdiction by adding a non-diverse defendant as a matter of course. This result, however, is untenable as it would circumvent § 1447(e) and, thereby, encourage gamesmanship as plaintiffs would be able to use their right to amend under Rule 15(a) to force a remand.

"While the Eleventh Circuit has not decided whether Rule 15(a) permits plaintiffs to add non-diverse parties as a matter of course after removal, the persuasive authority of other jurisdictions suggests that it does not." *Lenczyk v. USAA Cas. Ins. Co.*, No. 620CV1641ORL40LRH, 2020 WL 8265811, at *2 (M.D. Fla. Oct. 19, 2020) (citing *Mayes v. Rapport*, 198 F.3d 457, 464 (4th Cir. 1999); *see also Andreasen*, 276 F. Supp. 3d at 1328 (collecting cases). To hold otherwise would allow a plaintiff to use her right to amend under Rule 15(a) to "force a remand." *Andreasen*, 276 F. Supp. 3d at 1328. Accordingly, the Court finds that it retains discretion, under § 1447(e), to decide the propriety of Plaintiffs' joinder of the non-diverse proposed Defendants.

  **B.**   **Joinder Analysis Under 28 U.S.C. § 1447(e)**

In deciding whether to permit or deny joinder of a non-diverse defendant post-removal, the district court must balance "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel suits." *Seropian v. Wachovia Bank*, No. 10-80397, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010). In doing so, the Court considers the following factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) other factors bearing on the equities." *Furfaro v. Aguilera*, No. 5:15-cv-615, 2016 WL 614657, at *2 (M.D. Fla. Feb. 16, 2016); *see also Absorbezz LLC v. Hierseman*, No. 19-61442-CIV, 2019 WL 11506034, at *2 (S.D. Fla. Sept. 12, 2019). Moreover, "[w]hen evaluating a motion to join a

new, non-diverse defendant, the court "should scrutinize that amendment more closely than an ordinary amendment." *Andreasen*, 276 F. Supp. 3d at 1328 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

### 1. Defeat Diversity Factor

In determining whether the purpose of adding a non-diverse defendant post-removal is to destroy federal jurisdiction, "courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed." *Seropian*, 2010 WL 2822195, at *3 (internal citations omitted). Additionally, "[w]hen a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding jurisdiction." *Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, at *2 (M.D. Fla. July 31, 2012) (internal quotations omitted); *see also Small v. Ford Motor Co.*, 923 F.Supp.2d 1354, 1357 (S.D. Fla. 2013) (citing *Mayes*, 198 F.3d at 463)).

Here, "Plaintiffs concede being aware of Cancela prior to the filing of the Complaint as evidenced by the pre-suit notice dated December 12, 2020." ECF No. 17 at p. 10. But Plaintiffs contend that "inadvertently, Cancela's name was not included in the list of defendants on the final complaint draft that was filed on December 31, 2020 [and] . . . Plaintiffs intended to amend the Initial Complaint in State Court as a matter of course to include additional defendants, substitute othersm [sic.], and include additional claims." *Id.* at p. 11.

Plaintiffs' contentions belie the record. Cancela's name appears five times in the initial complaint. *See* ECF No. 1-2. Thus, Plaintiffs were aware of Cancela's purported involvement in the publication of the alleged slanderous statements and news broadcasts at the time they filed their initial complaint. Additionally, by Plaintiff's own concession, they became aware of their omission of Cancella as a defendant in this action "towards the end of January" yet they waited until February 26, 2021 – seventeen days *after* Defendants removed this action – to amend their initial complaint to add Cancela as a defendant in this action. Moreover, the first diverse Defendants served in this action, Defendants Josue Fonseca and Jagual Media LLC, were served with the Summons and Complaint on January 12, 2021. ECF No. 1, Notice of Removal at p. 2. Thus, Plaintiffs waited twenty-eight days after the date the first diverse

Defendants were served before they filed the proposed First Amended Complaint. As a result, the Court finds that Plaintiffs' failure to amend the initial complaint during the twenty-eight day period after service of the first diverse defendants but before removal, despite having knowledge of Cancela's involvement in this case, indicates that Plaintiffs added Cancela to defeat diversity jurisdiction. *See Furfaro*, 2016 WL 614657, at *2–3 (finding that the plaintiff's failure to amend state complaint during the 29–day period after service of diverse defendant but before removal, despite knowledge of non-diverse defendant's involvement in case, indicated that the plaintiff added the non-diverse defendant in federal court to defeat diversity jurisdiction); *see also Andreasen*, 276 F. Supp. 3d at 1329 (finding that the plaintiff's failure to amend the state court complaint during the three week period after service of the diverse defendant but before removal, despite having knowledge of the non-diverse defendant's involvement in the case, "strongly suggest[ed] that [the plaintiff's] real agenda [was] to include an additional defendant merely to defeat diversity jurisdiction and to get this case back to state court.").

> With respect to Martinez, Plaintiffs argue:
>
> Plaintiffs deny being aware of Martinez prior to filing the Initial Complaint. Initially, Plaintiffs believed that Cancela's direct supervisor was Mr. Cesar Conde. As proof, Mr. Conde was sent a pre-suit notice on December 11, 2020. However, before filing, Plaintiffs became aware that Mr. Conde had been promoted from Telemundo to NBCUniversal News division. Thus, he was not included as a Defendant. After filing the Initial Complaint, Plaintiffs continued investigating the matter, and towards the end of January 2021, Plaintiffs learned, upon information and belief, that Cancela reports directly to Martinez, President of Telemundo Station Group. Therefore, Martinez is the President of Telemundo Stating [sic] Group, which upon information and belief is a DBA of NBCUniversal Media, LLC. Martinez is directly involved in directing, authorizing, and approving the actions of Defendant Telemundo of Puerto Rico LLC. Plaintiffs sent a pre-suit notice to Martinez on January 27, 2021 and the return-receipt confirmation was received on January 29, 2021. As the case with Cancela, Plaintiffs' motivation in adding Martinez is not to destroy diversity jurisdiction, but to hold accountable every principal that conspired, participated in authorizing, promoting, and controlling the actions by Defendants' and its agents causing harm and injury to Plaintiffs. The Amended Complaint includes additional counts against Martinez for negligent supervision, intentional infliction of emotional distress, tortious interference with an advantageous business relationship, and civil conspiracy.

ECF No. 17 at p. 12. These arguments are also belied by the record. Indeed, the article that Plaintiffs reference in the proposed First Amended Complaint indicates that Martinez has

been in his current position, President of Telemundo Station Group, since at least 2014. *See* ECF No. 16 at ¶ 33 n.5 (citing a November 7, 2014 article in which Martinez is quoted and referred to as the President of the Telemundo Station Group). This strongly suggests that Plaintiffs, with appropriate diligence, could have "discovered" Martinez's purported involvement in this case prior to this action being removed to this Court. *See Osgood v. Disc. Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1356 (S.D. Fla. 2013) ("Plaintiff claims that '[u]ntil now, [Plaintiff] lacked sufficient information to [add the employee as a defendant] as [Plaintiff] had neither [the employee's] full name nor his address.' But Plaintiff likely could have ascertained the identity of the employee earlier than he did, and Plaintiff's failure to do so supports the Court's conclusion that the purpose of this proposed amendment is nothing more than an attempt to defeat diversity.") (internal citation omitted). The Court, therefore, finds that Plaintiffs' failure to ascertain Martinez's identity and role as President of Telemundo Station Group further supports this Court's conclusion that the purpose of the proposed First Amended Complaint is to defeat diversity jurisdiction.

### 2. Dilatory Factor

A plaintiff is dilatory in making a joinder request when there is no apparent reason for waiting to add a defendant until after the originally-named defendant removes the case. *See Seropian*, 2010 WL 2822195, at *4. Here, although Plaintiffs filed their proposed amended complaint somewhat close in time to the date that this action was removed (seventeen days after removal), there is still no apparent reason (other than defeating diversity jurisdiction) for waiting until after Defendants removed the case to amend the complaint.

As previously discussed, it is clear that Plaintiff knew about their potential claims against Cancela from the inception of the state court suit. Indeed, Plaintiffs concede this point. ECF No. 17 at p. 10 ("Plaintiffs concede being aware of Cancela prior to the filing of the Complaint as evidenced by the pre-suit notice dated December 12, 2020."). Nonetheless, Plaintiffs now argue:

> Plaintiffs have not created any unnecessary delays, especially in light of the fact that Plaintiffs believed that Defendants would be requesting a 60-day extension with the State Court as was misrepresented by Defendants. Moreover, Plaintiffs' pace cannot be characterized as dilatory because they addressed the additional defendants' amendment in communications with Defendants' counsel prior to removal, and in their first amended complaint and first motion in this matter before both [the] State Court and this Honorable Court.

*Id.* at p. 13. This argument further underscores the fact that Plaintiffs were aware of Cancela's and Martinez's alleged involvement; yet, rather than amending to add the non-diverse proposed Defendants prior to the case being removed, Plaintiffs sat on their hands and did not seek to add the non-diverse proposed Defendants until *after* this action was removed. As a result, the Court finds Plaintiffs' behavior in seeking amendment after removal dilatory as it seems quite apparent that the motivating factor for amendment was the removal. Moreover, Plaintiffs' suggestion that the delay in seeking amendment can only be dilatory if the delay was one to two years long is illogical and lacks legal support.

### 3. Plaintiffs' Significant Injury Factor

To support their contention that they would suffer significant injury if they were not permitted to join Cancela and Martinez in this action, Plaintiffs state:

> Plaintiffs would most certainly be prejudiced if barred from joining Cancela and Martinez to this case. . . . One of the central arguments of the Amended Complaint regarding Telemundo's tactics for profit-making is that Fonseca, acting as agent for Defendants conspired with them and, through their assistance, encouragement, knowledge, acquiescence, authorization and approval, created and disseminated scandalous rumors and fabrications handpicked for their predictable high-ratings' value and ability to generate profits (ECF No. 1-2, Pg. 12, ¶ 20). Plaintiffs also argue that Defendants negligently supervised Fonseca's actions; Defendants acted jointly and conspired to defame, intentionally inflict emotional distress, tortiously interfere with advantageous business relationships and to cause harm and injury to Plaintiffs. Furthermore, some of the defamatory broadcasts achieved historical rating records for Telemundo of Puerto Rico. These facts point to a scheme that reached higher in the corporate ladder atop passed Fonseca and his producers. As such, Cancela and Martinez are not mere nominal defendants, but indispensable parties to prove Plaintiffs' claims against Telemundo for knowingly and malicious defamation, negligent defamation and supervision, intentional infliction of emotional distress, tortious interference with advantageous business relationship and civil conspiracy.

*Id.* This argument lacks merit. Plaintiffs provided scant case law to support their contentions that they would be significantly prejudiced if Cancela and Martinez are not joined as defendants in this action. Plaintiffs undoubtedly would be able to secure the same information and discovery related to Candela's and Martinez's roles and involvement in this case regardless of whether they are named defendants in this action. Moreover, Plaintiffs may obtain judgments against the Original Defendants without the presence of Candela and

Martinez. And, finally, Plaintiffs are free to sue Candela and Martinez in state court should they choose to do so.

### 4. Other Equities

The equities weigh against remand. "[I]n balancing the equites, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum." *Seropian*, 2010 WL 2822195, at *3 (quoting *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000)). The removal statutes are designed to provide defendants with a choice of a state or federal forum; here, Defendants have selected a federal forum. *See Hengens*, 833 F.2d at 1182. The Court recognizes that parallel lawsuits may cause Plaintiffs to bear additional costs and time and does not serve the purpose of judicial economy. *See Small*, 923 F. Supp. 2d at 1358 (citing *Seropian*, 2010 WL 2822195 at *5 (citing *Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc.*, No. 2:05CV783–SRW (WO), 2006 WL 3924795, at *3 (M.D.Ala. Dec. 15, 2006) (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources.")). Nevertheless, the Court concludes that the balance of the equities weighs against allowing the amendment.

Therefore, in conclusion, the Court denies joinder of Cancela and Martinez in this action.

### II.   Plaintiffs' "Nerve Center" Argument Fails

As previously mentioned, Plaintiffs argue that for purposes of determining citizenship of a limited liability company for diversity jurisdiction, courts look to the "nerve center" of the limited liability company. ECF No. 17 at pp. 15-16. And, according to Plaintiffs, Defendant Telemundo of Puerto Rico, LLC's nerve center is in Florida which thereby defeats diversity jurisdiction in this action. *Id.* at p. 17.

To support their argument, Plaintiffs primarily rely upon the Eastern District of Pennsylvania's decision in *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720 (E.D. Pa. 2011)). However, in doing so, Plaintiffs' misread that decision and ignore applicable binding precedent in the Southern District of Florida. More specifically, Plaintiffs argue that the *Brewer* court "concluded that for purposes of determining the citizenship of a limited liability company whose sole member is a holding company that does not direct or control the operations of the limited liability company, we must look to the 'nerve center' of the limited

liability company to which the holding company has delegated the operational decisionmaking." ECF No. 17 at p. 16. While Plaintiffs' interpretation of the *Brewer* decision is creative, it is not accurate. Indeed, the corporate structures at issue in the *Brewer* case were a complicated mix of shape shifting entities akin to X-Men's Mystique. The court described the corporate structures at issue there as follows:

> GlaxoSmithKline plc ("PLC") is an incorporated United Kingdom company that is at the top of the GlaxoSmithKline ("GSK") global group of companies. PLC is a pharmaceutical and consumer healthcare company whose business involves sales, manufacturing, research and development in pharmaceutical and consumer healthcare worldwide.
>
> GlaxoSmithKline LLC ("LLC") is the entity through which PLC conducts its pharmaceutical and consumer healthcare business in the United States. Until October 27, 2009, PLC conducted its pharmaceutical and consumer healthcare business in the United States through SKB. SKB's headquarters and principal place of business were in Philadelphia. The senior officers of SKB directed and controlled the activities of SKB from their Philadelphia offices at One Franklin Plaza.
>
> In October of 2009, SKB was converted from a Pennsylvania corporation to a Delaware limited liability company to accomplish a joint venture between Pfizer and GSK to research, develop and market HIV drugs. To avoid substantially adverse tax consequences and to assure legal continuity for the protection of intellectual property and contract rights, SKB had to transfer its assets to a Delaware corporation and then to a Delaware limited liability company.
>
> Delaware was chosen because, unlike Pennsylvania, it allows a corporation to convert to a limited liability company without liquidating or dissolving the corporation. Thus, after converting the Pennsylvania corporation into a Delaware corporation, SKB transferred its assets to the newly formed GlaxoSmithKline LLC in Delaware with [GlaxoSmithKline Holdings (Americas) Inc.] as its sole member, which had been the sole shareholder of SKB.

*Id.* at 723. Thus, the facts presented in *Brewer* are very distinct from those presented here. Indeed, in this case, Defendant Telemundo of Puerto Rico, LLC has not had multiple corporate forms and conversions as the corporate entity in *Brewer* underwent. As such, the Court finds that the *Brewer* decision is not persuasive.

Moreover, the law is clear. "Unlike a corporation, but 'like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a

citizen.'" *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Here, Defendants put forth the Declaration of Gabriela Kornzweig, the Vice President and Corporate Secretary for NBCUniversal Media, LLC, in which she explained the corporate structure of Defendant Telemundo of Puerto Rico, LLC and attested that none of the members of Defendant Telemundo of Puerto Rico, LLC are citizens of the State of Florida. ECF No. 1-4. Importantly, Plaintiffs do not challenge the veracity of the Gabriela Kornzweig Declaration. Nor do they put forth any competing evidence that would otherwise undermine the validity or veracity of the statements within the Declaration. The Court, therefore, finds that for purposes of diversity jurisdiction Defendant Telemundo of Puerto Rico, LLC is not a Florida citizen; and, as a consequence, diversity jurisdiction remains in this case.

Accordingly, for the reasons stated above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiffs Motion to Remand (ECF No. 17) is **DENIED**.
2. Pursuant to 28 U.S.C. § 1447(e), the Court **DENIES** joinder of proposed Defendants Jose Cancela and Manuel Martinez.
3. Jose Cancela and Manuel Martinez are **TERMINATED** from this case.

**DONE and ORDERED** in Chambers at Miami, Florida this 29th day of September 2021.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*