UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-CV-20543-O'SULLIVAN
[CONSENT]

ELIAS SANCHEZ SIFONTE and
VALERIE RODRIGUEZ ERAZO,

      Plaintiffs,

v.

JOSUE FONSECA a/k/a JAY FONSECA,
an individual; TELEMUNDO INTERNATIONAL
STUDIOS, LLC, a Florida limited liability company,
et al.

      Defendants.

                                  /

## ORDER

THIS MATTER is before the Court on Defendants Josue Fonseca and Jagual

Media LLC's Motion to Dismiss and Supporting Memorandum of Law, and Joinder in

TM Televisions' Motion to Transfer Venue (DE# 33, 4/2/21); TM Television's Motion to

Dismiss for Lack of Personal Jurisdiction or to Transfer and Incorporated Memorandum

of Law, and Joinder in Defendants Josue Fonseca and Jagual Media LLC's Motion to

Dismiss (DE# 31, 4/2/21); Defendant NBCUniversal Media, LLC's Motion to Dismiss

and Supporting Memorandum of Law, and Joinder in Defendants Josue Fonseca and

Jagual Media LLC's Motion to Dismiss [D.E. 33] (DE# 37, 4/2/21); and Defendant

Telemundo Network Group LLC's Amended Motion to Dismiss[1] and Supporting

Memorandum of Law, and Joinder in Defendants Josue Fonseca and Jagual Media

---

[1]The Amended Motion to Dismiss renders moot the original motion to dismiss
filed by Telemundo Network Group LLC (DE# 40, 4/2/21).

1

LLC's Motion to Dismiss [D.E. 33] (DE# 48, 4/27/21).

Pursuant to the Parties' Consent to Proceed Before a United States Magistrate Judge (DE# 47-4), the Honorable Marcia G. Cooke, United States District Court Judge, referred this matter, including trial and entry of final judgment to the undersigned.  (DE# 65, 9/29/21). The parties filed their respective responses and replies.  The subject motions to dismiss raise a variety of grounds including that the operative complaint,[2] which is the state court Complaint for Damages (hereinafter "Complaint") attached to the Notice of Removal (DE# 1-2, 2/9/21), should be dismissed because it is a shotgun pleading that fails to satisfy the pleading requirements of Rule 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure and federal law. See Fed. R. Civ. P. 8(a)(2), 10(b). Because the undersigned agrees that the plaintiffs' Complaint is a shotgun pleading, it is hereby

ORDERED AND ADJUDGED that the Defendants Josue Fonseca and Jagual Media LLC's Motion to Dismiss and Supporting Memorandum of Law, and Joinder in TM Televisions' Motion to Transfer Venue (DE# 33, 4/2/21); TM Television's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer and Incorporated Memorandum of Law, and Joinder in Defendants Josue Fonseca and Jagual Media LLC's Motion to Dismiss (DE# 31, 4/2/21); Defendant NBCUniversal Media, LLC's Motion to Dismiss and Supporting Memorandum of Law, and Joinder in Defendants Josue Fonseca and

---

[2]The state court complaint is the operative complaint. The Honorable U.S. District Court Judge Cooke previously denied the plaintiffs' motion to remand and denied the joinder of two non-diverse proposed defendants, Jose Cancela and Manuel Martinez, in the plaintiff's proposed post-removal unilaterally-filed amended complaint. See Order Denying Plaintiffs' Motion to Remand (DE# 64, 9/29/21).

Jagual Media LLC's Motion to Dismiss [D.E. 33] (DE# 37, 4/2/21); and Defendant

Telemundo Network Group LLC's Amended Motion to Dismiss[3] and Supporting

Memorandum of Law, and Joinder in Defendants Josue Fonseca and Jagual Media

LLC's Motion to Dismiss [D.E. 33] (DE# 48, 4/27/21) are GRANTED in part and

DENIED as moot as to the merits, and that  the Complaint for Damages (DE# 1-2,

2/9/21) is DISMISSED without prejudice for the reasons set forth below. It is further

ORDERED AND ADJUDGED that the plaintiffs have twenty-one (21) days within

which to file an amended complaint in accordance with this Order. Failure to do so may

result in dismissal of this action. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291,

1296 (11th Cir. 2018) (footnote omitted)("When a litigant files a shotgun pleading, is

represented by counsel, and fails to request leave to amend, a district court must sua

sponte give him one chance to replead before dismissing his case with prejudice on

non-merits shotgun pleading grounds."); see also Barmapov v. Amuial, 986 F.3d 1321

(11th Cir. 2021) (affirming dismissal of the second amended complaint and finding that

the district court did not abuse its discretion where the court explained that the plaintiff's

first amended complaint was a shotgun pleading and gave the plaintiff an opportunity to

file a new pleading that "squandered that opportunity" by filing another shotgun

pleading).

DISCUSSION

I.      The Shotgun Complaint Warrants Dismissal

The plaintiff's Complaint is a shotgun pleading that warrants dismissal.  "A

---

[3]The Amended Motion to Dismiss renders moot the original motion to dismiss
filed by Telemundo Network Group LLC (DE# 40, 4/2/21).

shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure Rule 8(a)(2) or 10(b), or both."  Barmapov, 986 F.3d at 1324 (citing Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11ᵗʰ Cir. 2015)).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that Rule 8(a)(2) requires the complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Jackson v. Bank of America, 898 F.3d 1348, 1352 n.1 (11ᵗʰ Cir. 2018).  Rule 10(b) prescribes:

> A party must state its claims or defenses in numbered paragraphs, each
> limited as far as practicable to a single set of circumstances.  A later
> pleading may refer by number to a paragraph in an earlier pleading.  If
> doing so would promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a separate count or
> defense.

Fed. R. Civ. P. Rule 10(b).

The Complaint fails to give the defendants fair notice of the claims against them and the facts upon which the claims are based. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Fed. R. Civ. P. 8(a)(2), 10(b).  Shotgun pleadings are prohibited.  In Barmapov, the Eleventh Circuit explained:

> Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of
> these rules" because they are "calculated to confuse the 'enemy,' and the
> court, so that theories of relief not provided by the law and which can
> prejudice an opponent's case, especially before a jury, can be masked."

Barmapov, 986 F.3d at 1324 (quoting Weiland, 792 F.3d at 1320 (alterations adopted) (quoting T.D.S. Inc. V. Shelby Mut. Ins. Co., 760 F.2d 1520, 1544 n.14 (11ᵗʰ Cir. 1985) (Tjoflat, J., dissenting)).   Additionally, "shotgun pleadings 'waste scarce judicial

4

resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" Id. (quoting Vibe Micro, 878 F.3d 1295 (alterations adopted) (internal quotation marks omitted));

The Eleventh Circuit has identified four types of shotgun pleadings: (1) "'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;'" (2) "a complaint that is 'replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action;'" (3) "a complaint that does not separate 'each cause of action or claim for relief' into a different count;" and (4) "a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" Barmapov, 986 at 1324-25 (quoting Weiland, 792 F.3d at 1321).

The plaintiffs' Complaint is 121 pages long and contains 338 numbered paragraphs.  The plaintiffs claim that more than 100 statements in 25 publications, published between January 4, 2021 and November 22, 2020, are defamatory. Complaint ¶¶ 41-315 (DE# 1-2). The Complaint contains a total of seven counts. The plaintiffs have sued all defendants for defamation (Count I), slander per se (Count II), libel (Count III), libel per se (Count IV), and trade libel (Count V).[4]  Additionally, Count

---

[4]The defendants argue that the claims are subsets of defamation and must be consolidated into a single defamation claim. Fonseca's and Jagual Media LLC's Motion to Dismiss at n.9 (DE# 33, 4/2/21) (citing Klayman v. Judicial Watch, Inc., 22 F. Supp. 3d 1240, 1247 .2 (S.D. Fla. 2014) ("defamation encompasses both libel and slander") (other citations omitted).  Additionally, the defendant argues that Florida's single cause of action rule also bars duplicative claims for defamation. Id. (citing Tobinick v. Novella,

VI[5] alleges "Multiple Counts and Allegations" against all of the named defendants.

Count VII alleges "Aiding and Abetting" against ten (10) unnamed John Doe defendants

and suffers the same deficiencies of the other six counts because it lumps the 10 Doe

defendants together collectively and does not set forth any specific conduct attributed to

each Doe. Counts I through VI assert claims against five[6] named defendants, four

separate media companies and one individual.  All seven counts incorporate by

reference the allegations made in a section entitled "Facts and General Allegations,"

which consists of 290 numbered paragraphs, paragraphs 25 through 315.

Under Florida law, to state a defamation claim, the plaintiffs must allege: (1) a

false and defamatory statement of and concerning the plaintiff; (2) an unprivileged

publication to a third party; (3) fault on the part of the publisher; and (4) damages. Mile

Marker, Inc. v. Petersen Publishing, LLC, 811 So. 2d 841, 845 (Fla. 4th DCA 2002)

(citation omitted).

The subject Complaint predominantly falls under the fourth type of shotgun

pleadings because the Complaint fails to distinguish each plaintiff's claim against each

---

9:14-cv-80781, 2015 WL 328236, at *11 (S.D. Fla. Jan. 23, 2015) ("prohibit[ing] defamation claim from being re-characterized in additional, separate counts for *e.g.*, libel, slander").

[5]The defendants argue that Florida law does not recognize Count VI, which attempts to make a blanket assertion that cross-applies all allegations to all counts within a single count. Fonseca's and Jagual Media LLC's Motion to Dismiss at n.9 (DE# 33, 4/2/21).

[6]The Complaint initially named eight defendants. On March 11, 2021, the plaintiffs voluntarily dismissed two defendants, Telemundo International Studios LLC, Telemundo Internacional LLC, and TM Entertainment..(DE# 22, 3/11/21).

defendant and fails to allege the factual grounds attributed to each defendant. The two

plaintiffs collectively refer to themselves as "plaintiffs" and do not differentiate their

claims from one another.[7]   Throughout the Complaint, the plaintiffs repeatedly allege

that all defendants engaged in certain conduct without distinguishing which of the more

than 100 allegedly defamatory statements at issue is attributed to and was published by

which defendant against which plaintiff.  Complaint (DE# 1-2, Counts I-VI).  These

shotgun deficiencies warrant dismissal under Rules 8(a)(2) and 10(b).  See Vibe Micro,

878 F.3d at 1294 (affirming the dismissal with prejudice of the shotgun second

amended complaint because it did not improve the allegations that were "oftentimes not

connected to a particular Defendant or set of Defendants, making it impossible to

understand who did what") (quoting Vibe Micro, Inc. v. Shabanets, No. 15-cv-80999,

2015 WL 11438937, at *4 (S.D. Fla. Dec. 4.2015)); see Magluta v. Samples, 256 F.3d

1282 (11th Cir. 2001) (dismissing complaint due to the lack of distinction among the

defendants and the factual allegations within the counts); see also Fox v. Loews Corp.,

309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (dismissing complaint where it

"impermissibly and confusingly lump[ed] the ... defendants together"); see also Mirabal

v. Bank of America Corp., No. 15-21838-CIV, 2015 WL 12817702, at *2 (S.D. Fla. Oct.

1, 2015) (granting a motion to dismiss "because [p]laintiff uses the terms '[d]efendant'

and '[d]efendants' interchangeably without identifying which particular defendant his

allegations relate to"); see also Bently v. Bank of America, N.A., 773 F. Supp. 2d 1367,

---

[7]Although Count I is titled "Defamation (By Sanchez Against All Defendants),"
Count I refers to plaintiffs collectively and realleges and incorporates the allegations in
paragraphs 25 through 315, which also collectively references the plaintiffs.

1373 (S.D. Fla. 2011) (dismissing the complaint because the plaintiff "improperly lump[ed] defendants together in these claims despite that defendants are separate and distinct" and explaining that a plaintiff "must treat each defendant as a separate and distinct legal entity and delineate the conduct at issue as to each defendant").

The Complaint also falls under the third type of shotgun pleading because Count VI, "Multiple Counts and Allegations," improperly attempts to assert multiple claims in a single count.  Count VI incorporates by reference paragraphs 25 through 315 and alleges "the statements of facts in this claim are grouped by related topics, but each allegation constitute [sic] a separate claim under each of the above-described counts." Complaint ¶ 333 (DE# 1-2, 2/9/21).  Count VI violates Rule 10(b). Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); see Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015) (explaining that one of the four types of shotgun pleading "commits the sin of not separating into a different count each cause of action or claim for relief"); see Footnote 5 supra.

The Complaint also falls under the second type of shotgun pleading because it contains conclusory, vague and immaterial facts not obviously connected to any particular cause of action. The defendants contend that some allegedly defamatory statements do not concern either of the plaintiffs. Examples include allegations involving statements regarding the resignation of the Department of Education's Assistant Secretary.  See Complaint ¶ 62(m)-(n), (r)-(t) (DE# 1-2); see also Publications E and F.[8]

---

[8]Publication letters refer to the exhibits to the plaintiffs' Complaint.

Statements regarding the criminal proceedings of former public official Julia Keleher also do not concern either plaintiff. See Complaint ¶¶ 252-253 (DE# 1-2); see also Publication FF and GG. The defendants assert that seventy-five (75) of the 102 alleged defamatory statements are not directed at and do not concern the plaintiff Rodriguez. See Publications B, E, F, I, K, L, M, N, R, S, U, V, W, Z, AA, BB, CC, EE, FF, GG, and JJ. The defendants contend that some statements are not directed at the plaintiff Sanchez. See Publications D and II. Because the Complaint fails to give the defendants fair notice of the claims by each plaintiff against them and the facts upon which the claims are based, it is subject to dismissal. Erickson, 551 U.S. at 93; Fed. R. Civ. P. 8(a)(2), 10(b).

III.    Conclusion

Based on the foregoing, within twenty-one (21) days, in an amended complaint, the plaintiffs shall separately set forth their individual claims against each defendant consistent with federal pleading standards.  The plaintiffs should be mindful that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The plaintiffs shall incorporate by reference only the prior allegations that are relevant and necessary to assert each particular claim and shall identify the specific conduct attributed to each defendant against each plaintiff.  Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Failure to correct the deficiencies of the subject shotgun complaint may result in a dismissal with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida this **1ˢᵗ** day of November,

2021.

_____

JOHN J. O'SULLIVAN

CHIEF UNITED STATES MAGISTRATE JUDGE